JEREMY D. WARREN
Warren & Burstein
State Bar No. 177900
501 West Broadway, Suite 240
(619) 234-4433
jw@wabulaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.:   17cr1695-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | Motion for discovery and for leave to file |
| v. | ) | further motions |
| | ) | |
| LUCIO MILLAN-RENTERIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**I.**

**Introduction**

Lucio Millan is charged with alien smuggling offenses.  The government has indicated the discovery is massive, requiring an external hard drive for production. Mr. Millan files this motion to protect his right to full discovery under the law.

**II.**

**Motion to Compel Discovery/Preserve Evidence**

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of

any "closely related investigative [or other] agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) <u>The Defendant's Statements</u>.  Mr. Millan requests disclosure of all copies of any written or recorded statement made by him or any codefendants; any written record containing the substance of any oral statements made by him or any codefendant and any written summaries of his or any codefendant's oral statements contained in the handwritten or rough notes of the government agent; any response to any Miranda warnings which may have been given by her or any codefendant; any response by any defendant to interrogation; as well as any other statements by the defendants.  FED. R. CRIM. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.  Mr. Millan also specifically requests the government turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material.  FED. R. CRIM. P. 16(a)(1)(A); *Brady v. Maryland*, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant.  FED. R. CRIM. P. 16(a)(1)(B) and (C); FED. R. CRIM. P. 26.2 and 12(I).

(3) <u>Criminal Record.</u> Evidence of a defendant's record is available under FED. R. CRIM. P. 16(a)(1)(D).  Evidence of other "similar" acts is discoverable under FED. R. CRIM. P. 16(a)(1)(D) and FED. R. EVID. 404(b) and 609.

(4)  <u>Evidence Seized</u>.  Mr. Millan requests production of evidence seized as a result of any search, either with or without a warrant.  FED. R. CRIM. P. 16(a)(1)(E).

(5)  <u>Tangible Objects</u>.  Mr. Millan requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  FED. R. CRIM. P. 16(a)(1)(E).

(6)  <u>Request for Preservation of Evidence</u>.  Mr. Millan specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(7)  <u>Reports of Examinations and Tests</u>.  Mr. Millan requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief.  FED. R. CRIM. P. 16(a)(1)(F).

(8)  <u>Expert Witnesses</u>.  Mr. Millan requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government

intends to call as an expert witness.  FED. R. CRIM. P. 16(a)(1)(G).

(9)  _Brady_ Material.  Mr. Millan requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines.  Under _Brady_, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. _United States v. Bagley_, 473 U.S. 667 (1985); _United States v. Agurs_, 427 U.S. 97 (1976).  Mr. Millan specifically requests all favorable _Brady/Giglio_ material that is admissible or likely to lead to admissible evidence.  _United States v. Price_, 566 F.3d (9th Cir. 2009).

(10)  _Giglio_ Information.  Mr. Millan requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.  _Giglio v. United States_, 405 U.S. 150 (1972_); accord Price_, supra, 566 F.3d 900 (9th Cir. 2009).

(11)  Informants and Cooperating Witnesses.  Mr. Millan requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. _Roviaro v. United States_, 353 U.S. 52, 61-62 (1957).  Mr. Millan also requests that the government disclose any information in its possession regarding other parties culpable in

4

this matter as these individuals are relevant and material to Mr. Millan's defense.

(12) <u>Jencks Act Material</u>.  Mr. Millan requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1).  *Campbell v. United State*s, 373 U.S. 487, 490-92 (1963).

(13) <u>Potential 404(b)/609 Evidence</u>.  Mr. Millan requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal.  FED. R. CRIM. P. 16(a)(1)(D); FED. R. EVID. 404(b) and 609(b).  Mr. Millan requests such notice well before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result In a Lower Sentence Under the Guidelines</u>.  As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83(1963).  This request includes any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.  Additionally, Mr. Millan specifically requests any evidence the government intends to use at sentencing;

5

(15) <u>Evidence of Bias or Motive to Lie.</u> Mr. Millan requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

(16) <u>Impeachment Evidence.</u> Mr. Millan requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. *See* FED. R. EVID. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988)(witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) <u>Evidence of Criminal Investigation of Any Government Witness.</u> Mr. Millan requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985);

(18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.</u> Mr. Millan requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637

6

F.2d 213, 224 (4th Cir. 1980);

(19) <u>Witness Addresses.</u>  Mr. Millan requests the name and last known address of each prospective government witness.  *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  *United States v. Cadet*, 727 F.2d, 1453 (9th Cir. 1984);

(20) <u>Name of Witnesses Favorable to the Defendant</u>.  Mr. Millan requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980);

(21) <u>Evidence Material to the Preparation of the Defense</u>. Mr. Millan requests disclosure of any statement or document that may be "relevant to any possible defense or contention" that he might assert, including inculpatory evidence that may cause him to abandon a defense.  *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). See Fed. R. Crim. P. 16(a)(1)(E)(i) (right to all documents "material to the preparation of the defense"); *United States v. Marquiz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) (even

7

material which may cause a defendant to abandon a line of defense is material to preparing a defense). He specifically requests his TECS entry records, and those related to the vehicle in which he was arrested.  The information contained in such records will assist him prepare for, or abandon, a defense.

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Mr. Millan requests all complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of such *Henthorn* documents, defense counsel will not be able to procure then from any other source;

(23) <u>Prosecutor's Duty to Inspect Agent's Files.</u> Mr. Millan requests that the court order the prosecutor to personally review the personnel files of the agents involved.

(24) <u>Release of Evidence for Defense Testing</u>. Mr. Millan requests that the government release to his designated expert all items seized so that the defense may conduct independent testing of the items.

(25) <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Millan requests a copy of all electronic interception orders, search warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, status reports, their affidavits, attachments, and inventories related to this case.  He also requests copies of all documents provided to or

8

seized by the government pursuant to such court-authorized orders.  He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) <u>Alienage Evidence</u>. Mr. Millan requests copies of all A-files and any other immigration-related documents in the government's possession for each material witness or other alien involved in the case.

(27) <u>Residual Discovery/All Other Relevant Materials</u>. Mr. Millan intends for this motion to cover the full extent of discoverable material.  He therefore requests that the government be required to disclose all other discoverable material which he otherwise has failed to request.

### III.

### Mr. Millan Seeks Leave to File Further Motions

Upon review of the discovery, Mr. Millan requests an opportunity to file further, substantive motions.

Respectfully submitted,

Dated: August 7, 2017

/s/ *Jeremy Warren*
JEREMY D. WARREN
Warren & Burstein
Attorneys for Mr. Millan

**Proof of Service**

I certify a copy of the foregoing was served upon all parties via electronic filing.

Dated: August 7, 2017                                        /s/ *Jeremy Warren*
                                                            Jeremy D. Warren
                                                            Attorney at Law